IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 3:20CR91 |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | |
| | ) | |
| BEN BARNETT, | ) | <u>GOVERNMENT'S SENTENCING</u> |
| | ) | <u>MEMORANDUM</u> |
| Defendant. | ) | |

Now comes the United States of America, by and through its attorneys, Michelle M. Baeppler, First Assistant United States Attorney, and Matthew Simko, Assistant United States Attorney, and files this Sentencing Memorandum as to Defendant Ben Barnett. The government moves the court to impose a guideline sentence of 27-33 months.

 

Respectfully submitted,
MICHELLE M. BAEPPLER
First Assistant United States Attorney

By: /s/ *Matthew D. Simko*
Matthew D. Simko (OH: 0086787)
Assistant United States Attorney
Four Seagate, Suite 308
Toledo, OH 43604
(419) 241-0724
(419) 259-6360 (facsimile)
Matthew.Simko@usdoj.gov

I.  **Relevant Law**

The Supreme Court has instructed that a sentencing court should first properly calculate the advisory Sentencing Guidelines range, then permit the parties "an opportunity to argue for whatever sentence they deem appropriate," consider all of the 18 U.S.C. § 3553(a) factors, and finally pronounce a sentence taking into account all of the relevant factors. *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The factors include the nature and circumstances of the offense; the history and characteristics of the defendant; to afford adequate deterrence (both personal and general); to protect the public; and the need for the sentence to reflect the seriousness of the offense; promote respect for the law; and to provide a just punishment. 18 U.S.C. § 3553(a).

  a.  **Departures**

With regard to any potential grounds for departure, Fed.Crim.Rule 32(h) states the Court must give notice prior to any hearing:

> **Notice of Possible Departure From Sentencing Guidelines**. Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure

Neither the Court nor the presentence report have identified any grounds for departure. The defendant also has not identified any grounds for departure. Therefore, while there are no substantive grounds for departure, a departure is also not procedurally appropriate.

  b.  **Variance**

While the guidelines are no longer binding, variances from the guidelines are not appropriate when the circumstances of the offense represent ordinary cases. In these cases,

variances are discouraged when a sentencing court merely feels that the guideline range fails to properly reflect § 3553(a) considerations. *See Kimbrough v. United States*, 552 U.S. 85, 108 (2007). The Guideline Commission "has the capacity courts lack" that is, "to 'base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise.'" *Id.*, 108-109 (citing *United States v. Pruitt*, 502 F.3d 1154, 1171 (CA10 2007)). When a court does vary from a guideline, it must articulate, in open court, the specific reason why it is doing so. 18 U.S.C. 3553(c)(2). A sentence may be held procedurally unreasonable if it is marked by significant procedural error, such as failing to adequately explain the chosen sentence—including an explanation for any deviation from the U.S. Sentencing Guidelines Manual range. *United States v. Houston*, 529 F.3d 743, 753 (6th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007)).

In his sentencing memorandum, Barnett requests a downward variance due to mental health issues. Sentencing Guideline 5H1.3 states that mental and emotional health can affect the length of a sentence but, only if "such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines." Barnett's mental health issues, while present, are not present to an unusual degree that would distinguish this case from others. Further, Barnett obtained the firearm from a drug customer and it was then found in the possession of another drug trafficker. The history of the firearm and Barnett's possession of it seem to have little connection to his mental health.

## II. Advisory Sentencing Guideline Range

Misapplication of the sentencing guideline sections is not considered as harmless error, but rather as a "significant procedural error" necessitating remand for resentencing. *United States*

*v. Anderson*, 526 F.3d 319 (6th Cir. 2008). Neither party has any outstanding objections to the presentence report. The advisory guideline range is correctly set at 27-33 months imprisonment.

**III.** **Factors under 18 U.S.C. 3553(a)(1)**
   a. **Nature and Circumstance of the Offense**

In February 2020, Barnett was selling drugs in Toledo, Ohio. One of Barnett's drug customers provided Barnett with the firearm as payment. The firearm was then found approximatly three months later in the possession of another drug trafficker: Christopher Riccardi Carter. Carter himself has a violent history and was on parole at the time the firearm was transferred from Barnet to Carter. The circumstances of the offense are guns, drugs, and violence. These circumstances require a guideline sentence.

   b. **History and Characteristics of the Defendant**

Barnett's childhood was marked by poverty and a neighborhood of criminal activity. He reports, however, he was not abused and there were no drug abuse issues in his home. As an adult, Barnett has 32 prior convictions, including Burglary, Drug Trafficking, and Assault. Since 2001, only one year has passed (2010) where Barnett did not commit an offense, was convicted of an offense, or had a case pending.

**IV.** **Factors under 18 U.S.C. 3553(a)(2)**
   a. **The Need to Reflect the Seriousness of the Offense, Promote Respect for the Law, and to Provide a Just Punishment**

The Court should impose a guideline sentence to reflect the seriousness of the offense, promote respect for the law, and to provide a just punishment. Drug trafficking and firearms are serious offenses and present a real danger to the community. Toledo is experiencing overwhelming violence and in particular gun violence. Barnett contributed to this problem by

4

introducing another firearm into an otherwise violent neighborhood. A guideline sentence will demonstrate to Barnett and the community that his conduct was serious.

The Court should impose a guideline sentence to account for his violations on pretrial release. While on release, Barnett violated his conditions a total of eight times including, at the end, being dishonest with the Court regarding his drug use. Conduct like Barnett's cannot be overlooked. Based on Barnett's offense conduct and conduct while on release, a downward variance would promote disrespect for the law.

    b.  **Afford adequate Deterrence**

As indicated above, Toledo is being overwhelmed by violence, and in particular, gun violence. The community looks to the police and prosecutors to identify criminal activity, but ultimately it looks to the court to keep it safe by imposing sentences that will deter defendants from future conduct and intimidate others from committing the same crimes. A downward variance cannot serve to deter Barnett or others in the community.

V.  **Conclusion**

The defendant's guideline is 27-33 months, a modest term of imprisonment for a felon that was trafficking drugs and whose firearm ended up in the hands of another violent drug trafficking felon. The Court need not choose between punishment and rehabilitation. It can achieve both by imposing a guideline sentence and three years of supervised release with terms that address Barnett's mental health issues. Such a sentence will achieve the purposes of 18 USC 3353.

    Respectfully submitted,

    MICHELLE M. BAEPPLER
    First Assistant United States Attorney

By:   */s/ Matthew D. Simko*
      Matthew D. Simko (OH: 0086787)
      Assistant United States Attorney
      Four Seagate, Suite 308
      Toledo, OH 43604
      (419) 241-0724
      (419) 259-6360 (facsimile)
      Matthew.Simko@usdoj.gov